Joshua Trigsted
Oregon State Bar ID Number 06531
Trigsted Law Group, P.C.
5200 SW Meadows Rd, Ste 150
Lake Oswego, OR 97035
503-376-6774, ext. # 216
866-927-5826  facsimile
jtrigsted@attorneysforconsumers.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **BRANDI DONOHUE,**<br><br>      Plaintiff,<br><br>vs.<br><br>**PORTFOLIO RECOVERY ASSOCIATES, INC.,**<br><br>      Defendant. | Case No.:<br><br>**COMPLAINT;**<br><br>FAIR DEBT COLLECTION PRACTICES ACT (15 USC § 1692a, *et seq.*);<br><br>DEMAND FOR JURY TRIAL |

## I. INTRODUCTION

1.   This is an action for damages brought by an individual consumer for Defendant's violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA").

## II. JURISDICTION

2.   Plaintiff's claim for violations of the FDCPA arises under 15 U.S.C. § 1692k(d), and therefore involves a "federal question" pursuant to 28 USC § 1331.

## III. PARTIES

3.   Plaintiff, Brandi Donohue ("Plaintiff"), is a natural person residing in Lane

County, Oregon.

4. Defendant, Portfolio Recovery Associates, Inc., ("Defendant") is a corporation engaged in the business of collecting debts by use of the mails and telephone. Defendant regularly attempts to collect debts alleged due another.

## IV. FACTUAL ALLEGATIONS

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

6. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

7. All activities of Defendant set out herein were undertaken in connection with the collection of a "debt," as defined by 15 USC § 1692a(5).

8. Within the last year, Defendant took multiple actions in an attempt to collect a debt from Plaintiff. Defendant's conduct violated the FDCPA in multiple ways, including the following.

9. Threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken, including threatening to report a stale debt to Plaintiff's credit report. Defendant threatened Plaintiff that the alleged debt would be reported to her credit report and that this would cause Plaintiff to be unable to find a job. At the time the threats were made, it had been ten years since the date of first delinquency on the debt, which made it unlawful for Defendant to report the stale debt to Plaintiff's credit report. Therefore, the threat to report and to inhibit Plaintiff's search for employment were threats to take action that could not lawfully be taken (§ 1692e(5));

10. Causing Plaintiff's telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff (§ 1692d(5)).

11. Where Defendant had not yet made an attempt to contact Plaintiff's counsel or had not given Plaintiff's counsel sufficient time to respond to the initial attempt to communicate with Plaintiff's counsel, and where Plaintiff's counsel had not given Defendant permission to contact Plaintiff directly, communicating with Plaintiff directly after learning that Plaintiff is being represented by counsel. Plaintiff's counsel sent an initial demand letter notifying Defendant of Plaintiff's claim on or about December 2, 2010. On or about December 6, 2010, Plaintiff received a call directly from Defendant. On information and belief, Defendant had received Plaintiff's counsel's letter notifying Defendant of representation before the call to Plaintiff on or about December 6, 2010 (1692c(a)(2)).

12. As a result of the aforementioned violations, Plaintiff suffered and continues to suffer injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

13. Defendant intended to cause, by means of the actions detailed above, injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

14. Defendant's actions, detailed above, were undertaken with extraordinary disregard of, or indifference to, known or highly probable risks to purported debtors.

15. Defendant's misrepresentations were material because a representation that

Plaintiff could be garnished for the debt would cause Plaintiff to react very differently to debt collection attempts than if Plaintiff were told the truth, i.e. that the debt is time-barred from legal action.

16.  To the extent Defendant's actions, detailed in paragraphs 8-15, were carried out by an employee of Defendant, that employee was acting within the scope of his or her employment.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

17.  Plaintiff reincorporates by reference all of the preceding paragraphs.

18.  The preceding paragraphs state a *prima facie* case for Plaintiff and against Defendant for violations of the FDCPA, §§ 1692d, 1692c(a)(2) & 1692e

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A.  Declaratory judgment that Defendant's conduct violated the FDCPA;

B.  Actual damages pursuant to 15 USC 1692k;

C.  Statutory damages pursuant to 15 U.S.C. § 1692k;

D.  Costs, disbursements and reasonable attorney's fees for all successful claims, and any unsuccessful claims arising out of the same transaction or occurrence as the successful claims, pursuant to 15 U.S.C. § 1692k; and,

E.  For such other and further relief as may be just and proper.

## PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Dated this 20th day of January, 2011.

By: _____
Joshua Trigsted
Trigsted Law Group, P.C.
5200 SW Meadows Rd, Ste 150
Lake Oswego, OR 97035
503-376-6774, ext. # 216
866-927-5826 facsimile
Attorney for Plaintiff